DAVID VAN CLEAVE, Appellant, v. KIETZ-MILL MINIT MART; and JOSEPH E. ESKEY, Respondents.

No. 12165

September 30, 1981                    633 P.2d 1220

*Echeverria and Osborne, Chartered,* and *James M. Walsh,* Reno, for Appellant.

*Erickson, Thorpe, Swainston & Cobb, Ltd.,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellant alleged that while walking across a parking lot at the Washoe County fairgrounds, he was struck by a vehicle driven by one David Thayer, receiving injuries which have left him paralyzed. Among other defendants, appellant sued respondent Eskey, doing business as Kietz-Mill Minit Mart (Mart). He alleged that the Mart sold alcoholic beverages to a minor, in "willful and wanton disregard" of the laws of the State of Nevada and of the consequences of the sale, proximately causing the injuries to appellant in that Thayer "consumed the alcoholic beverages sold by [respondents], became intoxicated and thereafter caused [appellant's] injuries".

Respondents moved to dismiss for failure to state a claim, and presented to the court the transcript of a deposition taken by appellant's counsel of one Robert Bill. Mr. Bill testified that he had been six weeks short of his twenty-first birthday when he purchased beer at the Mart, where no one asked him for identification. He further testified that he delivered the beer to Lane Newman, a friend of Thayer's, on the evening appellant was injured.

The district court granted respondents' motion to dismiss and certified the judgment pursuant to NRCP 54(b). We affirm.

Since matters outside the pleadings were presented to and not excluded by the court, the motion was treated as a motion for summary judgment. NRCP 12(b); Cummings v. City of Las Vegas Mun. Corp., 88 Nev. 479, 499 P.2d 650 (1972). Summary judgment is proper when the moving party is entitled to judgment as a matter of law, and no genuine issue remains for trial. Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). A party opposing such a motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. NRCP 56(e); Tobler and Oliver v. Bd. Trustees, 84 Nev. 438, 442 P.2d 904 (1968); Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975).

Appellant has attempted to characterize respondents' conduct as willful and wanton, on the basis of the allegation that respondents had previously "engaged in regularly, repeatedly and knowingly, for profit, selling intoxicating beverages to minors." Appellant has cited no cases in which past instances of serving minors would transform the nature of a sale such as that alleged here into wanton and willful misconduct. We have described as willful or wanton misconduct an act "that the actor knows, or should know, will very probably cause harm", Rocky Mt. Produce v. Johnson, 78 Nev. 44, 51-52, 369 P.2d 198, 202 (1962), or an "act of perversity, depravity or oppression". Bearden v. City of Boulder City, 89 Nev. 106, 110, 507 P.2d 1034, 1036 (1973). We are unable to find in the allegations any suggestion of special circumstances attendant upon the sale in question which would bring it within such a characterization. *Compare* Davies v. Butler, 95 Nev. 763, 602 P.2d 605 (1979) (evidence of direct administration of large amounts of 190 proof alcohol when actors had knowledge of its dangerous nature); Ewing v. Cloverleaf Bowl, 572 P.2d 1155 (Cal. 1978) (experienced bartender served 21 year old patron 10 straight shots of 151 proof rum plus three other drinks in short period).

Appellant also argues that the act of selling liquor to a minor should be held to constitute common law negligence or negligence per se. He urges us not to apply our holding in Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), to *the sale of an alcoholic beverage to a minor. In the context of* this case, however, we find it unnecessary to decide this issue.

"Negligence is not actionable unless, without the intervention of an intervening cause, it proximately causes the harm for which complaint was made." Thomas v. Bokelman, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970). For an act to be the proximate cause of an injury, "it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." Crosman v. Southern Pacific Co., 42 Nev. 92, 108-109, 173 P. 223, 228 (1918), quoting Milwaukee, etc. Railway v. Kellogg, 94 U.S. 469, 475 (1876). "Whenever a new cause intervenes which is not the consequence of the first wrongful cause, and which is not under the control of the first wrongdoer, and which he could not with reasonable diligence have foreseen, and except for which the final catastrophe could not have happened, then such a result must be held too remote to furnish the basis of an action."

Konig v. N.-C.-O. Ry, 36 Nev. 181, 214-215, 135 P.1 141, 153 (1913).

Taking into consideration that inferences will be drawn in favor of a party opposing a motion for summary judgment, "the opponent must nevertheless show he can produce evidence at the trial to support his claim." Thomas v. Bokelman, *supra* at 14, 462 P.2d at 1023. In this case, appellant has not suggested that he can show more than respondents' sale of alcoholic beverages to a minor, who left the premises and subsequently delivered the alcohol to a second boy, who delivered to defendant Thayer who eventually consumed these beverages, became intoxicated, and thereafter drove the car which injured the appellant. There is nothing to suggest that the respondents, in light of the circumstances, had any reason to foresee that the purchaser would deliver the beverages to another, or that that person or another to whom he might give the beverage might, after becoming intoxicated, choose to drive and subsequently injure the appellant.

Similarly, in Elliott v. Mallory Electric Corp., 93 Nev. 580, 571 P.2d 397 (1977), we upheld a summary judgment for defendants when a plaintiff injured by a car thief sought to impose liability upon those responsible for leaving keys in an unattended car. As we stated then: "There is nothing to suggest that the owner or bailee could reasonably foresee the theft of the car and its negligent operation resulting in injury to the appellant". *Id*. at 586, 571 P.2d at 401.

As we have noted, "[c]ourts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury. . . . But when plaintiff as a matter of law cannot recover, defendant is entitled to a summary judgment." Thomas v. Bokelman, *supra* at 13, 462 P.2d at 1022. (Citations omitted.) This is such a case.

The judgment of the district court is accordingly affirmed.