DOUGLAS J. BUTLER AND ROSE MARIE BUTLER, APPELLANTS, v. MICHAEL J. BOGDANOVICH, RUSKA BOGDANOVICH, THANE McCALL DBA McCALL REALTY, PHIL SULLIVAN REALTY, INC., PHIL SULLIVAN, INDIVIDUALLY, COUNTY OF DOUGLAS, ROBERT E. FORD, JEANNE A. ZEMAREL, RESPONDENTS.

No. 15874

August 28, 1985                              705 P.2d 662

[Rehearing denied May 1, 1986]

*Milos Terzich,* Gardnerville, for Appellants.

*Brent T. Kolvet,* District Attorney, Gardnerville; *Barker, Gillock & Perry* and *Charles Spann,* Reno, for Respondent County of Douglas.

## OPINION

*Per Curiam:*

Michael and Ruska Bogdanovich constructed a single family residential dwelling in the County of Douglas, Nevada. Respondent County of Douglas (the County) sent an inspector to inspect the premises at various times during construction, and finally "signed off" on the construction. Several years later, appellants Douglas J. Butler and Rose Marie Butler purchased the house and discovered defects in the construction. Appellants brought this action for damages against the County and others, alleging that the County negligently approved of the construction when it did not meet building code standards. The district court granted summary judgment in favor of the County on the ground the County was immune from suit under NRS 41.033.[1] The court reasoned that the County did not owe a duty of care to appellants

---

[1]NRS 41.033 provides in pertinent part:

No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:

1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect;

2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made.

because there was no evidence that the County had actual knowledge of the defects.

We agree with appellants' assertion that there was an issue of fact of whether the County had knowledge of the building's deficiencies. In opposition to the motion for summary judgment, appellants presented the deposition and affidavit of the building inspector and carpenter who visited the premises at appellants' request. The inspector and carpenter indicated that twenty-five conditions existed in 1982 which were violations under an early Uniform Building Code. They also indicated that the defects would have been visible in the 1976 inspection. A trier of fact could conclude that the defects in 1982 existed at the time of the original inspection, and the County had knowledge of the defects.

If the County had knowledge of the defects, the County owed a duty to take action as a result of the discovery of the deficiencies. Immunity will not bar actions based on the public entity's failure to act reasonably after learning of a hazard. *See* Brown v. Syson, 663 P.2d 251 (Ariz. 1980); Lorshbough v. Township of Buzzle, 258 N.W.2d 96 (Minn. 1977); Sexstone v. City of Rochester, 301 N.Y.S.2d 887 (1969).

In the trial court's review of the record for issues of material fact, pleadings and documentary evidence should be construed in a posture which is most favorable to the party against whom the motion for summary judgment is directed. NRCP 56(a); Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982). An entry of summary judgment is proper only when there are no issues of fact and the moving party is entitled to such an expedited judgment as a matter of law. The burden of proving the absence of triable facts is upon the moving party.

The record establishes a genuine issue of fact as to whether the County had knowledge that a hazardous condition existed at the time of the inspection of the construction. Summary judgment thus was improper. Accordingly, the order of the district court is reversed and the case remanded for further proceedings in accordance with this opinion.