OPINION

Per Curiam:

Appellant Katharine Thomas sued the Riverside Resort and Casino because of injuries she sustained when a bellman ran over her with a baggage cart. Riverside contends that it is not liable for the bellman’s allegedly negligent conduct because the bellman was in the employ of an independent contractor.
*1284 Riverside contracted with Valet American, Inc., the bellman’s employer, to provide bell and porter services to the hotel. Citing Wells, Inc. v. Shoemake, Riverside contends that because it had retained the services of Valet American, an independent contractor, it is not liable for the negligence of Valet American’s employee. 64 Nev. 57, 177 P.2d 451 (1947). The trial court accepted Riverside’s argument and granted summary judgment to Riverside on the ground that Riverside was insulated from liability because of Valet American’s status as an independent contractor.
Summary judgment is only appropriate when, after review of the record in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).
In this case, we hold that the district court erred when it granted summary judgment because the contract between Riverside and Valet American contains language whereby Riverside appears to have expressly assumed liability for the negligence of Valet American’s employee at the hotel. Specifically, Paragraph 4 of the Concession Agreement presents an issue of material fact:
Hotel shall be responsible for all public liability, bodily injury, property damage, and medical expenses applicable to the total operations and functions of Hotel including the activities of Concessionaire [Valet American] hereunder, and may insure against all liability therefor .... Concessionaire shall be responsible for and shall hold Hotel free and harmless from all such liability arising from operations and functions of Concessionaire hereunder, to the extent of the deductible portion of Hotel’s insurance coverage not to exceed one thousand dollars.
If, as the contract says, the Hotel agreed to “be responsible for all public liability . . . applicable to hotel operations and functions of the hotel, including the activities of Concessionaire” and if, as appears to be the case, Riverside has agreed to be liable for the activities of the Concessionaire, Riverside certainly is not entitled to summary judgment in its favor.
We reverse the district court’s order granting summary judgment in favor of Riverside and remand the matter to the district court.