HASKELL RILEY, Appellant, *v.* OPP IX L.P., a Missouri Limited Partnership, Respondent.

No. 26193

July 22, 1996                        919 P.2d 1071

*Robert W. Lueck,* Las Vegas, for Appellant.

*Beckley, Singleton, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Haskell Riley ("Riley") was the co-owner of a battery rebuilding shop which rented commercial space in Secure Care, a storage facility owned and operated by respondent OPP IX, L.P. ("OPP IX"), a Missouri limited partnership. On April 9, 1990, Riley attempted to open the gate next to his place of

employment. Riley was unable to completely open the gate because the bottom roller of the gate had come off its track. The gate fell over onto Riley as he attempted to lift the gate back into place.

Riley filed a complaint against OPP IX. After answering the complaint, OPP IX repeatedly filed motions for summary judgment. The district court denied those motions in order to give Riley more time for discovery. However, on May 31, 1994, after Riley had been given the opportunity to conduct further discovery, the district court granted summary judgment in favor of OPP IX.

Riley appeals, arguing that the district court erred in granting OPP IX's summary judgment motion because genuine issues of fact remained for a jury. We conclude that Riley's argument has merit. Accordingly, we reverse the district court's order and remand this case to the district court for a trial on the merits.

## *FACTS*

Riley was the co-owner of a battery rebuilding shop that was located in Secure Care, a storage facility owned and operated by OPP IX. Riley had been a tenant at the storage and business park since 1988. A security fence surrounds the OPP IX property, and ingress to and egress from the property is gained through two security gates less than thirty feet apart from one another. Each gate is a five foot high by twenty-four foot long wrought iron gate with rollers connected to tracks.

On March 29, 1990, R.F.C. Corporation (''R.F.C.'') installed a new gate on the premises of Secure Care that was next to the commercial unit which Riley rented. Representatives from OPP IX and R.F.C. purportedly inspected the gate after it was installed and found the gate to be in proper working condition.

On April 9, 1990, Riley went to work and noticed that the gate next to his shop was closed. Riley needed to pull his truck into the complex in order to go to work and attempted to open the gate. The gate opened only about one foot to eighteen inches and then stopped. Riley noticed that the roller of the gate had fallen off its track, causing the gate not to open any further. Riley attempted to pick up the gate and set it back in place. As Riley was attempting to adjust the gate, the top of the gate became dislodged and the gate fell on top of Riley.

Riley admitted that he had not experienced any problems with the new gate from the day it was installed until the day it fell on him. However, Riley contended that he had reported several problems with the old gate before it had been replaced. Additionally, OPP IX reported that it had not received any complaints regarding the new gate from any of its tenants at Secure Care.

Further, a security officer employed by OPP IX reported that he unlocked and opened the gate at issue on the morning of April 9, 1990, and that he never had any problems opening the gate.

On April 12, 1991, Riley filed a complaint against OPP IX, R.F.C. and Colt Protective Security, Inc., the security service employed by OPP IX at Secure Care, alleging that he sustained injuries and incurred damages as a result of the incident.[1] In his first cause of action, Riley alleged that OPP IX "was aware of the defective gate but did not make adequate efforts to repair the gate to make it reasonably safe for the tenants of the property." In his third cause of action, Riley alleged that "OPP IX, L.P., as the owner of the premises[,] had a duty to inspect the premises for defects and to make the premises reasonably safe for [Riley] and [Riley's] business invitees." Riley's third cause of action further contended that

> OPP, IX, L.P., breached its duty to make the premises reasonably safe by permitting the gate to be negligently installed and/or negligently repaired so as to allow an unsafe physical hazard to remain on the premises, and further, [OPP IX] knew of the unsafe condition of the gate and its propensity to fall off its rails and took inadequate steps to repair this defect.

On June 28, 1991, OPP IX filed its answer to the complaint. The answer denied the allegations contained in Riley's complaint. On October 15, 1993, OPP IX filed its first motion for summary judgment. The summary judgment motion alleged that "[a]s of the date of this Motion, [Riley] has not produced any evidence or propounded any answer to support his claims against [OPP IX]." Additionally, because OPP IX allegedly exercised ordinary care as to Riley, its business invitee, OPP IX was entitled to judgment as a matter of law.

On November 18, 1993, the district court held a hearing at which OPP IX's motion for summary judgment was denied without prejudice in order to allow Riley more time for discovery pursuant to NRCP 56(f). The district court continued the hearing until December 9, 1993, and warned Riley that if he "does not have something concrete at that time the Court will grant [OPP IX's summary judgment] motion." On December 9, 1993, the district court denied OPP IX's summary judgment motion "at this time" because "there are factual issues to be resolved."

A second motion for summary judgment was filed and subsequently denied by the district court because Riley had not com-

---

[1]The record indicates that Colt Security was voluntarily dismissed from the lawsuit pursuant to a stipulation and that R.F.C. is no longer in business.

pleted discovery. However, the district court stated that "when discovery is complete[d,] this motion may be brought again."

On May 31, 1994, after Riley's counsel was granted two continuances to answer OPP IX's third summary judgment motion, a hearing was held to discuss the motion. During the May 31, 1994 hearing, counsel for OPP IX indicated that Riley had conducted no additional discovery since the previous summary judgment motion was denied. Additionally, counsel for OPP IX argued that Riley was arguing theories of negligence which had not been pleaded in its complaint. Riley's counsel argued that factual issues remained for a jury. Accordingly, Riley's counsel contended that this case should proceed to trial. The district court granted OPP IX's summary judgment motion.

## DISCUSSION

On appeal, our "review of summary judgment orders is de novo." Joynt v. California Hotel & Casino, 108 Nev. 539, 541, 835 P.2d 799, 800 (1992). We have indicated that "[a]n entry of summary judgment is proper only when there are no issues of fact and the moving party is entitled to an expedited judgment as a matter of law." Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 665 (1985). A genuine issue of material fact is one where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Valley Bank v. Marble, 105 Nev. 366, 367, 775 P.2d 1278, 1282 (1989). The pleadings and proof offered at the district court are construed in the light most favorable to the non-moving party. See Hoopes v. Hammargren, 102 Nev. 425, 429, 725 P.2d 238, 241 (1986).

We have indicated that "in order to survive a summary judgment motion in a negligence claim, there must be factual disputes as to: (1) duty; (2) breach; (3) actual causation; (4) legal causation; and (5) damages." Sims v. General Telephone & Electric, 107 Nev. 516, 521, 815 P.2d 151, 154 (1991). The Sims court further stated that "[w]e have, in the past, indicated our hesitance to affirm the granting of summary judgment in negligence cases, because such claims generally present jury issues." Id. (citing Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 417, 633 P.2d 1220, 1222 (1981)); see also 73 Am. Jur. 2D Summary Judgment § 6 (1974).

The Van Cleave court stated that "[a] party opposing such a motion for summary judgment must set forth specific facts show-

ing that there is a genuine issue for trial." *Van Cleave,* 97 Nev. at 415, 633 P.2d at 1221. The *Van Cleave* court, recognizing that inferences will be drawn in favor of the party opposing summary judgment, indicated that the party opposing the summary judgment motion must show that he can produce evidence at trial to support his allegations. *Id.* at 417, 633 P.2d at 1222. The party opposing summary judgment may not rest upon the mere allegations contained in his pleading to satisfy this burden. *See* Bird v. Casa Royale West, 97 Nev. 67, 70, 624 P.2d 17, 19 (1981).

In Turpel v. Sayles, 101 Nev. 35, 39, 692 P.2d 1290, 1293 (1985), we adopted a doctrine of landowner liability independent of the status of the person injured upon the land and free from the antiquated categorization which had been a remnant of the common law. The *Turpel* court stated that

> "landlords as other persons must exercise reasonable care not to subject others to an unreasonable risk of harm. A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk. We think this basic principle of responsibility for landlords as for others 'best expresses the principles of justice and reasonableness upon which our law of torts is founded.'"

*Id.* at 38, 692 P.2d at 1292 (quoting Sargent v. Ross, 308 A.2d 528, 534 (N.H. 1973)); *see also* Moody v. Manny's Auto Repair, 110 Nev. 320, 331, 871 P.2d 935, 942 (1994) (finding the approach set forth in *Turpel* the more enlightened and equitable method for ascertaining liability). In Galloway v. McDonalds Restaurants, 102 Nev. 534, 537, 728 P.2d 826, 828 (1986), we stated that "'[a]n owner . . . of land must exercise ordinary care and prudence to render the premises reasonably safe for the visit of a person invited on the premises for business purposes.'"[2] *Id.*

In the present case, we conclude that a genuine issue of material fact remained as to whether OPP IX breached its duty of ordinary care to Riley. Therefore, instead of granting OPP IX's summary judgment motion, we conclude that the district court should have allowed this case to proceed to trial.

---

[2]While the *Galloway* court used the term "person invited" in its explanation of the duty owed by an owner of land, we conclude that this should not be interpreted to mean that this court adheres to the artificial classification of plaintiffs based upon their status. *See Moody,* 110 Nev. at 333, 871 P.2d at 943.

In his opposition to OPP IX's first summary judgment motion, Riley presented a report from a forensic engineer, Dan Cashdan, which stated that

> [i]n my professional opinion, the contributing causes to this accident were:
>
> a. Improper design and/or installation of the gate assembly such that the unprotected ground-mounted track was installed above pavement level thereby subjecting the track to distortion from motor vehicles. The position of the gate, across a vehicular driveway, should have obviated the use of this type of track.
>
> b. Improper design and/or installation of the gate assembly such that no safety guards or brackets were installed prior to the accident to prevent a mishap caused by rotation of the gate in a wester[n]ly direction.
>
> c. *A lack of proper diligence on the part of the property owner which permitted the crumpled ground track to remain unrepaired and which neglected to maintain the upper rear gate wheel in a safe condition.*

(Emphasis added.)

In accepting this evidence as true, we conclude that OPP IX, in the exercise of reasonable care, should have known of the "crumpled ground track" which was installed above the pavement and was frequently driven over by vehicles entering and exiting the gate at issue. The record is devoid of any information which demonstrates that OPP IX had a new ground track installed at the time R.F.C. installed the new gate. Furthermore, the report indicates that OPP IX failed to properly maintain the upper rear wheel of the gate in a safe condition. Thus, genuine issues of fact remain as to whether OPP IX breached its duty of reasonable care in repairing and maintaining the gate and ground track at issue.

Accordingly, because genuine issues of material fact remained for the jury, we reverse the district court's order granting OPP IX summary judgment and remand this case to the district court for a trial on the merits. This conclusion is consistent with our reluctance to affirm summary judgment in negligence cases and our policy of deciding cases on their merits. *See, e.g., Sims,* 107 Nev. at 521, 815 P.2d at 154; Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981).