106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SIERRA PACIFIC POWER COMPANY, a Nevada corporation,
Plaintiff-Appellant,
v.
NORTHWEST PIPELINE CORPORATION, a Delaware corporation;
Lavon Ward; Robert D. Sheehan; R. David Sheehan;
Fred Purvis, d/b/a Sheehan Pipeline
Construction Company,
Defendants-Appellees.
 No. 95-17127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Dec. 24, 1996.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Sierra Pacific Power Company appeals the entry of summary judgment on its negligence claim against Sheehan Pipeline Construction Company and breach of contract claim against Northwest Pipeline Corporation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * We do not agree with Sierra Pacific that the district judge erred in concluding that the economic loss doctrine bars its negligence claim against Sheehan. Under Nevada law, a plaintiff may not recover in tort for economic loss, but only for damage to person or property. See Local Joint Executive Bd. of Las Vegas, Culinary Workers Union Local No. 226 v. Stern, 651 P.2d 637, 638 (Nev.1982). Sierra Pacific has submitted no proof that its gas was lost. The obligations of a warehouseman under the Nevada Commercial Code are not relevant to this analysis, as the Code allocates the risk of loss as between bailor and bailee but does not determine whether damages are recoverable when the loss is economic only. In sum, as the district court stated, the bottom line is that Sierra Pacific's gas delivery was cut off and it had to cover the shortage by drawing on its own supplies of liquefied gas. Such an injury is economic harm which is not recoverable in tort.
 
 II
 
 5
 We also disagree with Sierra Pacific's contention that the exculpatory provisions in its contract with Northwest are ambiguous and that remand is required for determination of whether the parties intended Northwest to be liable for its own negligence or for the negligence of Sheehan, its independent contractor. Even if Northwest is liable for negligence under its contract with Sierra Pacific, summary judgment was proper because Sierra Pacific has not alleged that Northwest failed to fulfill its contractual duty to repair the pipeline rupture with reasonable dispatch.
 
 
 6
 Similarly, even if Northwest is liable for accidents reasonably within its control, summary judgment was appropriate. In the absence of a contract that states otherwise, a party is not liable in tort for the negligence of an independent contractor. See Wells, Inc. v. Shoemake, 177 P.2d 451, 455 (Nev.1947). There is no evidence that Northwest contractually obligated itself to assume liability for the negligent acts of Sheehan. Cf. Thomas v. Riverside Resort & Casino, 885 P.2d 575 (Nev.1994) (reversing summary judgment in negligence suit against casino because of factual dispute concerning whether casino had contractually obligated itself to assume liability for negligent acts of its independent contractor who committed the tort). As Sierra Pacific has submitted no evidence that the accident was reasonably within the control of Northwest other than the fact that Sheehan was its independent contractor, summary judgment was proper.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3