NORMA HARRINGTON, Appellant, v. SYUFY ENTER-
PRISES, a Limited Partnership, Respondent.

No. 27312

January 30 1997                    931 P.2d 1378

*David Allen & Associates* and *Daniel L. O'Brien,* Reno, for
Appellant.

*Robison, Belaustegui, Robb & Sharp* and *Gabrielle Carr,*
Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Norma Harrington suffered an injury to her wrist when she tripped over tire spikes (a device employed to encourage the uni-directional flow of automobile traffic by causing "severe tire damage" to offending vehicles) while attending a weekend flea market at the El Rancho Drive-in Movie Theater. Harrington sued respondent Syufy Enterprises, owner of El Rancho, in negligence. Syufy Enterprises moved for summary judgment arguing that the alleged dangerous condition, the grate with tire spikes, was open and obvious, and therefore, Syufy Enterprises had no duty to warn of the danger.

In support of the motion for summary judgment, Syufy Enterprises attached portions of the deposition of Louis Chacon, who arrived at the flea market at about 8:00 or 8:30 a.m. to meet Harrington. Chacon recounted that the weather was very clear. Harrington saw Chacon and called to him. The grate with the tire spikes was between them, with the spikes pointed toward Harrington. No one else appeared between Harrington and Chacon, and nothing obscured Harrington's view of the grate. Harrington walked toward Chacon, looking at him, and tripped on the grate and fell.

Harrington opposed the motion for summary judgment, and argued that issues concerning her fault in contributing to the accident should be submitted to the jury under the comparative negligence statute, NRS 41.141. In her affidavit, Harrington stated that the flea market was getting crowded and that she was forced to walk over or adjacent to the grate with the tire spikes to exit the flea market and reach her friend. She stated that the bright sun was shining directly in her eyes, and she specifically denied seeing the spikes prior to her fall: "[I] was aware that the grate was there, but the spikes in the grate were aimed directly at me and were difficult to see until after I had fallen."

On May 26, 1995, the district court ordered summary judgment in favor of Syufy Enterprises, concluding from Harrington's affidavit that no facts gave rise to a claim of negligence. The district court denied Harrington's motion for reconsideration, concluding: "In its earlier Order, the Court found after reviewing Plaintiff's Affidavit that she conceded that she was aware of the existence of the grate and spikes in question. Based on these uncontested facts, the Court can find no facts which give rise to a claim of negligence." This appeal followed.

Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). All of the non-movant's statements must be accepted as true, and a district court may not pass on the credibility of the affidavits. Sawyer v. Sugarless Shops, 106 Nev. 265, 267, 792 P.2d 14, 15 (1990). This court's review of an order granting summary judgment is *de novo*. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

In negligence actions, courts are generally reluctant to grant summary judgment. Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 633 P.2d 1220 (1991). Nevertheless, when plaintiff cannot recover as a matter of law, defendant is entitled to summary judgment. *Id.* To establish entitlement to judgment as a matter of law, defendant need only negate one element of plaintiff's case (*i.e.*, duty, breach, causation, or damages). Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590-91 (1991).

Syufy Enterprises contends that it was entitled to summary judgment because the tire spikes presented an "obvious danger" as a matter of law. *See* Worth v. Reed, 79 Nev. 351, 354, 384 P.2d 1017, 1018 (1963) (If the danger is "obvious," ordinary care does not require a warning from the owner because the "obviousness" of the danger is itself an adequate warning.). In response, Harrington contends that the "obvious danger" doctrine was abrogated by Nevada's adoption of statutory comparative negligence rules. Harrington also contends that, in any case, a question of fact exists as to whether the danger was obvious and whether the tire spikes may have presented an unreasonable safety risk despite their "obviousness."

In Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962), plaintiff sued the defendant hotel to recover injuries she

sustained after falling over a planter in defendant's lobby. The planter was two feet wide and ran along a plate-glass window for approximately thirty feet. The planter was in a box, the border of which was three or four inches above the level of the floor and was concealed by artificial foliage which was a foot and a half or two feet high. Plaintiff conceded that she fell because she did not see the planter, and it was apparent the reason she did not see the planter was that she was moving backwards in the act of turning around. After presentation of plaintiff's evidence, the district court granted defendant's motion for involuntary dismissal under NRCP 41(b). This court, after noting no evidence existed that the planter was hidden or concealed, deemed the peril "obvious" as a matter of law. This court thus affirmed on the ground that an owner's liability does not extend to an invitee who incurs injury from an obvious danger.

In *Worth,* this court affirmed a judgment in favor of the slip-and-fall plaintiff. 79 Nev. 351, 384 P.2d 1017. Plaintiff injured herself after slipping on a wet tile floor in a hotel-room bathroom. The accident occurred shortly after a maintenance worker left the bathroom to get a mop and bucket (unbeknownst to the plaintiff) and without warning her that the peril still existed. This court distinguished *Gunlock* on the ground that the particular peril (water on a tile floor) could not, in good sense, be deemed "obvious" as a matter of law. This court reasoned that water is a transparent substance, that the record did not reveal the quantity of water, and that one easily may fail to notice water on a tiled floor. This court concluded that the issue was one of fact best left to the jury.

NRS 41.141(1) provides that the comparative negligence of the plaintiff does not bar recovery if that negligence was not greater than the negligence of the defendant. Harrington contends that the obvious danger rule bars recovery to a negligent plaintiff regardless of her degree of comparative fault, in effect preserving the contributory negligence rule that NRS 41.141 was clearly intended to eliminate. We disagree.

Recovery is barred when the danger is obvious, not because the negligence of the plaintiff is greater than that of the defendant, but because the defendant is not negligent at all. The defendant has no duty to warn against an obvious danger and cannot, therefore, be negligent in failing to give such a warning. Thus, the defendant in *Gunlock* did not escape liability for its negligence; the defendant escaped liability because it was not negligent *at all. See Gunlock,* 78 Nev. at 185-86, 370 P.2d at 684. Obviously, where there is no negligence on the part of the defendant, there can be no "comparative negligence." *See id.* at

185-86, 370 P.2d at 684-85 ("In the absence of negligence on the part of [defendant], a determination of whether Mrs. Gunlock is chargeable with contributory negligence is unnecessary."). We conclude, therefore, that the obvious danger rule survives the adoption of comparative negligence statutes.

In the present case, Harrington did aver in her affidavit that the sun in her eyes and the angle of the spikes made the danger difficult to see. Having reviewed Harrington's testimony and the photographs of the accident scene, we hold that a reasonable juror could conclude that the tire spikes were not an "obvious danger." Accordingly, we conclude that the obviousness of the danger posed by the tire spikes cannot properly be decided as a matter of law and that summary judgment was, therefore, inappropriately entered in favor of Syufy Enterprises.

Moreover, we emphasize that the obvious danger rule only obviates a duty to warn. It is inapplicable where liability is predicated upon acts other than a failure to provide adequate warning of a dangerous condition.[1] Consequently, even where a danger is obvious, a defendant may be negligent in having created the peril or in subjecting the plaintiff to the peril. *See* Moody v. Manny's Auto Repair, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994) (An owner or occupier of land is held to the duty of reasonable care when another is injured on that land.) In the present case, Harrington averred she was "forced" into the area of the tire spikes as a result of the way Syufy Enterprises had arranged the premises. Although it may not be negligence to supply a hotel with toilets that occasionally overflow, or to decorate a lobby with a planter along one wall, we believe that a reasonable juror could conclude that Syufy Enterprises breached its duty of reasonable care by directing pedestrian traffic over a grate containing unretracted tire spikes. We conclude that Harrington has presented a material question of fact as to whether Syufy Enterprises was negligent in creating and exposing Harrington to the danger presented by the tire spikes.

We conclude that Harrington presented material questions of fact regarding whether the danger posed by the tire spikes was

---

[1]Thus, in *Gunlock,* this court reached the obvious danger issue only after concluding that there was no evidence that the planter was improperly constructed or located. 78 Nev. at 184, 370 P.2d at 684. Similarly, in *Worth,* this court reached the obvious danger doctrine analysis only after concluding that the defendant hotel had not been negligent in allowing the bathroom toilet to overflow or in responding to the flooding. 79 Nev. at 353, 384 P.2d at 1018.

"obvious" and as to whether Syufy Enterprises was negligent in directing pedestrian traffic over or adjacent to the unretracted tire spikes. We, accordingly, vacate the judgment of the district court and remand for further proceedings.[2]

---

[2]The Honorable A. William Maupin, Justice, did not participate in the decision of this appeal.