*964
 
 OPINION
 

 Per Curiam:
 

 On January 2, 1993, at approximately 6:40 p.m., appellant was struck and injured by respondent’s vehicle as he crossed a street at an intersection. The crosswalk at the intersection where the accident occurred was not marked by lines or other markings.
 
 [1]
 
 Respondent and appellant were the only eyewitnesses to the accident; however, appellant’s injuries have left him unable to care for himself or communicate about the accident.
 

 On June 18, 1993, appellant filed a complaint for negligence against respondent. Depositions were taken of respondent, the investigating police officers, and appellant’s expert witness. The deposition testimony, police report, and respondent’s expert witness’s report all indicated that appellant was approximately five to ten feet outside the unmarked crosswalk area when he was struck by respondent. On September 8, 1994, respondent filed a motion for summary judgment, contending that no genuine issues of material fact existed, and that respondent was entitled to judgment as a matter of law pursuant to NRS 484.327,
 
 [2]
 
 which requires that pedestrians yield to motor traffic outside of marked or unmarked crosswalk areas.
 

 The district court granted respondent’s motion for summary judgment by order entered November 30, 1994. The district court concluded that appellant failed to yield to respondent outside of an unmarked crosswalk area, and that “this causal negligence rises above the 50% level.” This appeal followed.
 

 Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving
 
 *965
 
 party, there remain no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Harrington v. Syufy Enterprises, 113 Nev. 246, 248, 931 P.2d 1378, 1379 (1997) (citing Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985)). The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. Michaels v. Sudeck, 107 Nev. 332, 334, 810 P.2d 1212, 1213-14 (1991) (citing Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 415, 633 P.2d 1220, 1221 (1981)). This court is generally reluctant to affirm the granting of summary judgment in negligence cases.
 
 Harrington,
 
 113 Nev. at 248, 931 P.2d at 1380; Riley v. OPP IX L.P., 112 Nev. 826, 830, 919 P.2d 1071, 1074 (1996). Generally, “the question of whether a defendant was negligent in a particular situation is a question of fact for the jury to resolve.” Zugel v. Miller, 100 Nev. 525, 528, 688 P.2d 310, 313 (1984).
 

 Appellant contends that the district court erred in concluding that no genuine issues of material fact existed, and that respondent was entitled to judgment as a matter of law. After reviewing the record on appeal, we conclude that appellant is correct.
 

 Respondent asserted below that he is within the class of persons that NRS 484.327(1) is intended to protect; thus, according to respondent, appellant’s failure to yield to respondent in an unmarked crosswalk constituted negligence per se and entitled respondent to judgment as a matter of law. The district court apparently agreed with respondent in concluding “that the Plaintiff pedestrian failed to yield and that this causal negligence rises above the 50% level.” However, appellant’s apparent violation of NRS 484.327(1) does not bar his recovery as a matter of law.
 

 In Ashwood v. Clark County, 113 Nev. 80, 86, 930 P.2d 740, 744 (1997), this court held as follows:
 

 A violation of statute establishes the duty and breach elements of negligence only if the injured party belongs to the
 
 class
 
 of persons that the statute was intended to protect, and the injury is of the
 
 type
 
 against which the statute was intended to protect. Sagebrush Ltd. v. Carson City, 99 Nev. 204, 208, 660 P.2d 1013, 1015 (1983).
 

 NRS 484.327(1) was enacted to increase the safety of pedestrians crossing in unmarked crosswalks, not to protect motorists from careless pedestrians. Thus, respondent is not a member of the class of persons that NRS 484.327(1) was intended to protect, and appellant’s violation of that statute does not automatically preclude his recovery for injuries caused by respondent’s negligence. Further, liability “under a negligence
 
 per se
 
 theory ... is
 
 *966
 
 in general a question of fact for a jury.”
 
 Zugel,
 
 100 Nev. at 527, 688 P.2d at 312 (citations omitted). Accordingly, summary judgment should not have been granted based on appellant’s apparent violation of NRS 484.327(1).
 

 In the present case, appellant was struck as he crossed the street at an intersection. Further, the evidence in the record on appeal indicates that the intersection is located beside a casino, and that the casino lights may have made pedestrians crossing the intersection particularly visible to motorists. NRS 484.363 provides in pertinent part:
 

 Duty of driver to decrease speed under certain circumstances. The fact that the speed of a vehicle is lower than the prescribed limits does not relieve a driver from the duty to decrease speed when approaching and crossing an intersection ... or when special hazards exist or may exist with respect to pedestrians or other traffic.
 

 Thus, respondent may have had a duty under NRS 484.363 to decrease his speed as he approached the intersection.
 

 In two somewhat similar cases, Johnson v. Brown, 77 Nev. 61, 359 P.2d 80 (1961), and Fennell v. Miller, 94 Nev. 528, 583 P.2d 455 (1978), both of which arose before the adoption of comparative negligence in NRS 41.141, this court held that summary dismissal of the pedestrian plaintiffs’ actions against the defendant drivers was appropriate. In both cases, this court concluded that the drivers had no reason to anticipate that pedestrians might be crossing a darkened street in the middle of a block.
 
 Johnson, 11
 
 Nev. at 66, 359 P.2d at 82;
 
 Fennell,
 
 94 Nev. at 531, 583 P.2d at 457. First, as
 
 Johnson
 
 and
 
 Fennell
 
 were decided before application of comparative negligence, their analysis does not provide guidance in a comparative negligence case.
 
 [3]
 
 Further, although in the instant case no evidence suggested that respondent was speeding or violating any other traffic laws when he struck appellant, respondent hit appellant while he was crossing near an intersection. Accordingly, unlike
 
 Johnson
 
 and
 
 Fennell,
 
 it cannot be said that respondent could not have anticipated pedestrian traffic at that intersection. “It is only when different minds can reasonably arrive at but one result that a fact issue becomes a question of law, justifying a district court in taking the issue from the jury.” Nehls v. Leonard, 97 Nev. 325, 329, 630 P.2d 258, 261 (1981)
 
 *967
 
 (citing Montgomery v. Morgenson, 515 P.2d 746, 748 (Kan. 1973)).
 

 Additionally, the fact that respondent was not speeding or violating other traffic laws at the time of the accident does not preclude a finding that respondent’s actions constituted a breach of his duty of care. In Doud v. Las Vegas Hilton Corp., 109 Nev. 1096, 1104, 864 P.2d 796, 801 (1993), this court held:
 

 The determination of whether there has been a breach of duty is generally a question for the jury. This court has stated “[l]itigants are not to be deprived of a trial on the merits if there is the slightest doubt as to the operative facts.” Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590 (1991).
 

 NRS 41.141(1) provides that the comparative negligence of a plaintiff does not bar recovery if that negligence was not greater than the negligence of a defendant.
 
 See Harrington,
 
 113 Nev. at 249, 931 P.2d at 1380. In Nevada, a party’s negligence is generally considered an issue of fact for the jury to decide. Shepard v. Harrison, 100 Nev. 178, 180, 678 P.2d 670, 672 (1984);
 
 see also
 
 NRS 41.141(2) (judge shall instruct jury to determine comparative negligence of the parties). Under the circumstances presented here, the district court erred in finding as a matter of law that appellant was more than fifty percent negligent.
 

 We conclude, therefore, that genuine issues of material fact exist concerning respondent’s duty to appellant and potential breach thereof and appellant’s comparative negligence; thus, respondent is not entitled to judgment as a matter of law. “This conclusion is consistent with our reluctance to affirm summary judgment in negligence cases and our policy of deciding cases on their merits.” Riley v. OPPIX L.P., 112 Nev. at 832, 919 P.2d at 1075. Accordingly, we reverse the order of the district court granting respondent’s motion for summary judgment and remand this matter to the district court for further proceedings.
 

 [1]
 

 NRS 484.043 provides:
 

 “Crosswalk” defined. “Crosswalk” means:
 

 1. That part of a highway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traveled portions of highways; or
 

 2. Any portion of a highway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface.
 

 The parties’ references to the “unmarked crosswalk” area thus refer to the part of the road at the intersection defined as a crosswalk under NRS 484.043(1).
 

 [2]
 

 NRS 484.327 provides in pertinent part:
 

 1. Every pedestrian crossing a highway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the highway.
 

 [3]
 

 Under the doctrine that existed prior to the enactment of NRS 41.141,
 
 any
 
 negligence on the plaintiff’s part would bar recovery. Thus, if this were a pre-comparative negligence case, the trial court would have been correct in granting summary judgment.