John DOE and Jane Doe, on behalf of themselves and as Guardians ad Litem for their minor child, Preschooler, Plaintiffs,

v.

The State of NEVADA, et. al., Defendants.

No. CV–S–03–1500LRH(RJJ).

United States District Court, D. Nevada.

Sept. 30, 2004.

Marianne Lanuti, Law Office of Marianne C. Lanuti, Henderson, NV, Niels Pearson, Pearson Patton Shea Foley & Kurtz, Las Vegas, NV, for Plaintiffs.

Bill Hoffman, Legal Department, Las Vegas, NV, Ed Irvin, Nevada Attorney General's Office, Carson City, NV, for Defendants.

## ORDER

HICKS, District Judge.

Presently before this Court is the Plaintiffs' motion to amend their complaint (Docket No. 35). Defendants Clark County School Board of Trustees, Clark County School · District, Carlos Arturo Garcia, Charlene A. Green, Michael S. Harley, Kay ,Davis, Darryl Wyatt, and Kathleen LiSanti (collectively, the "Clark · County Defendants") have filed an opposition to the motion (Docket No. 39), to which Plaintiffs subsequently replied (Docket No. 40). Upon review of the record and relevant law, the Court grants the Plaintiffs' motion.

Plaintiffs request leave from this Court to amend their complaint in order to include new claims for negligence. Plaintiffs assert that only recently did they uncover evidence through discovery which indicated that a claim may exist for negligence based on the Defendants' failure to comply with two reporting statutes, the Aversive Intervention Law, outlined in Nevada Re-

vised Statute § 388.521, and Nevada Revised Statute § 432B.220, which requires certain individuals to report child abuse within 24 hours if they know or have reasonable cause to believe that a child has been abused or neglected. According to Plaintiffs, any failure on the Defendants' part to comply with these statutes gives rise to a claim for negligence.

Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." However, the Ninth Circuit has outlined four reasons why a Court may refuse to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997). The Defendants' sole argument in opposition to the Plaintiffs' motion is that the amendment proposed by Plaintiffs would be futile.

■ When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6). *See Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (D.Ariz.2003) (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). In considering a motion to dismiss, the court asks only whether the pleadings are sufficient to establish a claim, not whether the plaintiff could find evidence to support his pleadings. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). As denying a plaintiff's motion to amend due to the futility of the proposed amendment has the effect of granting a motion to dismiss the plaintiff's proposed claim, this Court construes all pleaded facts in the complaint as true and draws all inferences in favor of the plaintiff.[1] "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (internal citations omitted).

■ Defendants assert that an amendment to include claims of negligence under the reporting statutes would be futile because the reporting statutes do not provide a private right of recovery or remedy upon which Plaintiffs may base their complaint. This Court agrees; nothing in the language of either statute authorizes or expresses an intent to create an enforceable right on the part of individuals under the statute. For this reason, the Plaintiffs' assertion that this Court has specifically held that a claim for negligence under the reporting statute is a viable claim is not an accurate characterization of the Court's prior ruling or of the relevant law. (Pls.'Reply at 2:15–20) (citing *Doe A. v. Green*, 298 F.Supp.2d 1025, 1038 (D.Nev. 2004)).[2] The reporting statutes advanced

---

**1.** *See, e.g., Barnett v. Centoni*, 31 F.3d 813, 813 (9th Cir.1994) (holding that a court may not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 219 F.R.D. 457, 463 (W.D.Wis.2003) (dismissing plaintiff's federal claims without leave to amend because, "even construing all well-pleaded facts as true and drawing all inferences in favor of plaintiff,"

the court was convinced of the futility of the amendment).

**2.** In *Doe v. Green*, a case previously heard by this Court, the parties did not dispute or brief the Court as to whether a private right of action existed under the Nevada reporting statutes. Rather, the pleadings of the parties assumed that such liability was possible through a negligence theory, and both the argument and the Court's ruling were confined to the issue of whether the defendants

**1126**

in Plaintiff's amended complaint do not in themselves create a private right of action; however, they may be relevant to a negligence action brought against the Defendants.

 Nevada negligence jurisprudence has long-since recognized that "[t]he standard of conduct required of a reasonable man may be prescribed by legislative enactment. When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate." *Southern Pac. Co. v. Watkins*, 83 Nev. 471, 492, 435 P.2d 498, 511 (Nev.1967) (citing Prosser on Torts, s 35 (3d Ed.1964)). Commonly referred to as the doctrine of negligence *per se*, a duty and breach of duty may sometimes be established through evidence that a defendant failed to comply with a particular statute. *Anderson v. Baltrusaitis*, 113 Nev. 963, 965, 944 P.2d 797, (Nev. 1997). Therefore, in *Doe v. Green*, this Court discussed the elements of a negligence action, and determined that it was possible that a reasonable jury might find each of the elements satisfied in a claim for negligence premised on the theory that the defendants should have reported known harassment, and failed to do so. 298 F.Supp.2d at 1038. Indeed, "liability under a negligence *per se* theory is in general a question of fact for the jury." *Anderson*, 113 Nev. at 965–66, 944 P.2d 797. As in *Doe v. Green*, Plaintiffs in this case have asserted a claim for negligence based on the duties imposed by the reporting statutes. The Court finds that it would be premature to characterize Plaintiffs' amended complaint as futile, and the

had received notice of any action which they would be required to report under the statute.

motion to amend (Docket No. 35) is GRANTED.

IT IS SO ORDERED.