**SUNRIZE STAGING, INC,**
**Plaintiff–Appellant,**

v.

**OVATION DEVELOPMENT CORPO-RATION, a Nevada corporation; B–R Ovation, GP, Inc., a Nevada corporation; B–R Ovation Limited Partnership, a Nevada Limited Partnership; Does, 1–10, Defendants–Appellees.**

No. 05–16428.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2007 *.

Filed June 25, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Foster Furcolo, Jr., Esq., Patricia J. Peterson, Esq., Charles A. MacKey, Esq., Walsh & Furcolo LLP, Las Vegas, NV, for Plaintiff–Appellant.

Lara A. Hoover, Esq., Ljubisa Kostic, Esq., Brett W. Eubank, Esq., Stutz Artiano Shinoff & Holtz, Las Vegas, NV, for Defendants–Appellees.

Before: B. FLETCHER, SILER **, and HAWKINS, Circuit Judges.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

Plaintiff-appellant Sunrize Staging, Inc. ("Sunrize") appeals the dismissal of its second amended complaint ("complaint") against the defendants-appellees (collectively, "Ovation"). Sunrize's complaint sought to recover for the loss of scaffolding equipment due to a fire, which occurred while Ovation was allegedly in possession and control of the equipment. The equipment was allegedly owned by Sunrize and had been rented by Ovation's subcontractee, J.G. Plastering, for use during several phases of construction at a property owned by Ovation.

Because it is not "beyond doubt that [Sunrize] can prove no set of facts in support of [its] claim that would entitle it to relief," dismissal of the case under Federal Rule of Civil Procedure 12(b)(6) was improper. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). We therefore reverse and remand for further proceedings consistent with this disposition.

I.

In March 2003, defendant Ovation entered into a subcontract agreement with J.G. Plastering. J.G. Plastering was to perform stucco and plastering work during several phases of construction at a property owned and being developed by Ovation. To complete the stucco work under the subcontract, J.G. Plastering procured the necessary scaffolding equipment from Sunrize. The scaffolding was erected and attached to Ovation's property. On September 4, 2003, there was an extensive fire at the construction site, which destroyed the equipment.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sunrize's complaint alleges that Ovation authorized and directed the erection of the scaffolding at the property; that the scaffolding was in the possession and control of Ovation when the fire occurred; and that Ovation had a duty of care to protect the scaffolding. The complaint further alleges that Ovation breached this duty by negligently failing to guard against fire, failing to prevent the spread of the fire, or negligently failing to protect the scaffolding from the fire, and that Ovation's breach of this duty was the proximate cause of damage to Sunrize's scaffolding.[1]

## II.

The district court had jurisdiction under 28 U.S.C. § 1332. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. It is undisputed that this case is governed by Nevada state substantive law.

## III.

As the district court noted, to state a cause of action for negligence under Nevada law, the plaintiff must plead the following: that the defendant owed a duty of care; that the defendant breached that duty; that the breach was the actual and proximate cause of the plaintiff's injury; and that the plaintiff suffered damages as a result. *See, e.g., Riley v. OPP IX, L.P.,* 112 Nev. 826, 919 P.2d 1071, 1074 (1996).

The district court held that Ovation owed no duty to Sunrize because, in the court's view, the two entities had "no rela-tionship" and the harm suffered thus was not foreseeable. In making this determination, the district court looked beyond Sunrize's allegations and the facts plainly established by any properly incorporated documents.[2] In short, the district court's analysis was based on factual findings which were improper at this stage of the litigation.

Whether Ovation owed Sunrize a duty of care "turns on whether it exercised control over the premises and whether the [alleged arson] was reasonably foreseeable." *Scialabba v. Brandise Construction Co.,* 112 Nev. 965, 921 P.2d 928, 931 (1996). Ovation does not dispute that it exercised control over the construction site, and was aware of the presence of the scaffolding.[3] Rather, Ovation contends that it cannot be held liable if it did not know that Sunrize was the owner of the scaffolding, and argues that the complaint does not allege that it knowingly took control over Sunrize's property.

*Scialabba's* discussion of control does not suggest that there must be specific knowledge of the identity of the party that has submitted its property to the defendant's control. In any case, the complaint arguably alleges that Ovation was aware that the scaffolding was Sunrize's property.

As to foreseeability, the Nevada Supreme Court has held that it is determined on "a totality-of-the-circumstances basis."

---

1. The complaint reflects the parties' understanding that the fire was the result of arson.

2. The district court may take into account documents " 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.' " *Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.),* 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994)) (alteration in original); *see Knievel*

*v. ESPN,* 393 F.3d 1068, 1076 (9th Cir.2005); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 & n. 4 (9th Cir.1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681 (9th Cir. 2006).

3. Furthermore, the addendum to the subcontract suggests that Ovation intended to exercise some control over the scaffolding.

*Scialabba,* 921 P.2d at 931. Sunrize sufficiently alleges that criminal conduct—namely, arson—was a foreseeable result of Ovation's alleged conduct.

Ovation argues that liability to Sunrize was not foreseeable in light of the subcontract between Ovation and J.G. Plastering. The district court, relying on Articles 13.2 and 20.1 of the subcontract, agreed that the risk of any loss had been contractually allocated to J.G. Plastering, and concluded moreover that it would be "inequitable" to allow Sunrize to sue Ovation and thereby "reallocate the risk."

This analysis is problematic, however. To begin, the district court relied on terms in the subcontract which are not plain and unambiguous. *Ott v. Home Savings & Loan Ass'n,* 265 F.2d 643, 646 n. 1, 647 (9th Cir.1958). The subcontract is amenable to other interpretations.[4] Moreover, the district court's concern that finding that a duty was owed would "nullify the intent of the contract" between Ovation and J.G. was misplaced. *Cf.* Fed.R.Civ.P. 14.

On appeal, Ovation makes several additional arguments in support of the district court's ruling. Ovation posits that Sunrize was not the owner of the scaffolding but merely lent money to J.G. Plastering to purchase the materials at issue, and that Sunrize is therefore seeking recovery for a purely economic loss, which is barred in tort. *See Calloway v. City of Reno,* 116 Nev. 250, 993 P.2d 1259, 1263 (2000), *overruled on other grounds by Olson v. Richard,* 120 Nev. 240, 89 P.3d 31 (2004); *Local Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern,* 98 Nev. 409, 651 P.2d 637, 638 (1982).

The complaint alleges that Sunrize owned the scaffolding; this must be accepted as true unless plainly contradicted by the written agreement between Sunrize and J.G. Plastering—a document incorporated by reference. Because the agreement does not make clear what Sunrize's interest was in the scaffolding on Ovation's property, the allegations in Sunrize's complaint are sufficient to survive Ovation's motion to dismiss. *Cf. Ott,* 265 F.2d at 646 n. 1, 647.

Finally, Ovation argues that the Nevada legislature created the mechanics' lien statutes to bar cases such as this one. This argument misconstrues the facts of this case and misinterprets the lien statutes. Nev.Rev.Stat. § 108.238; *see Fisher Brothers, Inc. v. Harrah Realty Co.,* 92 Nev. 65, 545 P.2d 203, 205 (1976).

**REVERSED and REMANDED.**

---

4. The first article relied upon by the district court stated that J.G. Plastering, the subcontractor, would be "responsible for all onsite materials, until those materials are incorporated and installed into the Project." Subcontract, Art. 13.2. An addendum to the contract, which described the scope of J.G. Plastering's work, explained that the scaffolding was to be "installed by the Subcontractor." Arguably, at the time of the fire, the scaffolding had been "installed" and was therefore Ovation's responsibility.

According to the second article relied upon by the district court, J.G. Plastering was required to "purchase and maintain such insurances as will protect itself from claims which may arise out of or result from ... the Work under the Subcontract Agreement." Subcontract, Art. 20.1. The provision did not expressly address Ovation's liability or require insurance be obtained to cover acts by the Contractor.