An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIN OLIPHANT,
Appellant,
vs.
DICK'S SPORTING GOODS, INC., A
FOREIGN CORPORATION D/B/A
DICK'S SPORTING GOODS,
Respondent.

No. 59702

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

Appellant filed a complaint against respondent alleging that she was injured when she fell while walking down a stopped escalator in respondent's store. Respondent filed a motion for summary judgment, which the district court granted. This appeal followed.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.*

In granting summary judgment, the district court relied, in part, on *Gunlock v. New Frontier Hotel Corp.*, 78 Nev. 182, 370 P.2d 682 (1962), which has since been abrogated by this court's holding in *Foster v. Costco Wholesale Corp.*, 128 Nev. ___, 291 P.3d 150 (2012). In *Foster*, this court adopted the Restatement (Third) of Torts: Physical and Emotional Harm § 51, and held that "the open and obvious nature of a dangerous

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21783

condition does not automatically relieve a landowner from the general duty of reasonable care. The fact that a dangerous condition may be open and obvious bears on the assessment of whether reasonable care was exercised by the landowner." *Foster*, 128 Nev. at ___, 291 P.3d at 152. "[U]nder the Restatement (Third), landowners bear a general duty of reasonable care to all entrants, regardless of the open and obvious nature of dangerous conditions." *Id.* at ___, 291 P.3d at 156. The district court in this case therefore erred in finding that any duty on the part of respondent was negated by the open and obvious nature of the stopped escalator based on this court's holding in *Foster*.

The district court also found that a stopped escalator is not a "dangerous condition" on the basis that appellant did not provide evidence of any rules, regulations, or codes that require the use of barricades or signs for an escalator that is temporarily stopped. Appellant, however, provided testimony from an experienced employee of the company that serviced respondent's escalator, who testified that stopped escalators should be barricaded because of the risk that a customer may not realize that step heights on escalators are different than a regular stairwell. The district court therefore erred in finding that appellant had failed to show that genuine issues of material fact remained regarding whether the stopped escalator in this case was a dangerous condition and whether respondent was negligent in failing to barricade the escalator or provide a warning sign. *Harrington v. Syufy Enters.*, 113 Nev. 246, 248, 931 P.2d 1378, 1380 (1997) (discussing that courts are reluctant to grant summary judgment in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve); *Oehler v. Humana, Inc.*, 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1989) (holding that

SUPREME COURT
OF
NEVADA

(O) 1947A

2

a district court may not grant summary judgment if a reasonable jury could return a verdict for the nonmoving party). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Eighth Judicial District Court Dept. 4
       William F. Buchanan, Settlement Judge
       Matthew S. Dunkley
       Hansen Rasmussen, LLC
       Eighth District Court Clerk