PAUL FYSSAKIS, Appellant/Cross-Respondent, v. KNIGHT EQUIPMENT CORPORATION, Respondent/ Cross-Appellant, U.N.X. CHEMICALS, INC., a North Carolina Corporation, Respondent.

No. 22215

March 5, 1992                              826 P.2d 570

*Jonathan C. Reed, Xavier Gonzales,* Las Vegas, for Appellant/
Cross-Respondent.

*Rawlings, Olson & Cannon* and *Yvette Robichaud,* Las Vegas,
for Respondent/Cross-Appellant Knight Equipment.

*Thorndal, Backus, Maupin & Armstrong* and *William R. Killip, Jr.,* Las Vegas, for Respondent U.N.X. Chemicals.

# OPINION

*Per Curiam:*

Appellant, Paul Fyssakis, a dishwasher at the Sahara Hotel and Casino in Las Vegas, got dishwashing soap in his eye and, as a result, was blinded. Consequently, Fyssakis brought strict products liability and negligence claims against respondent U.N.X. Chemicals, Inc. (UNX), the manufacturer of the soap, and respondent Knight Equipment Corporation (Knight), the manufacturer of the soap dispenser. Both UNX and Knight moved for summary judgment, and the district court granted their motions with respect to the strict liability claims.

On appeal, Fyssakis contends that the district court erred when it granted summary judgment. We agree. Summary judgment is appropriate only when no genuine issue of fact remains for trial and one party is entitled to judgment as a matter of law. In determining whether summary judgment is proper, a court must view the evidence in the light most favorable to the party against whom summary judgment is sought. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432 (1989). Thus, all disputed factual allegations must be construed in favor of Fyssakis.

To bring successfully a strict products liability claim, a plaintiff must show that: (1) the product had a defect which rendered it unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury. Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970). Respondents contend that Fyssakis has failed to set forth facts that tend to show that either the soap or the dispenser was defective.

First, we note that it is undisputed that the commercial dishwashing soap caused Fyssakis' blindness. Neither the soap nor the dispenser, however, carried a warning that protective eyewear should be worn or that the soap could cause blindness. Instead, the soap carried the universal symbol for corrosiveness. Under Nevada law, a product must include a warning that adequately communicates the dangers that may result from its use or foreseeable misuse; otherwise, the product is defective. Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983). Since it is not clear that the soap's warning adequately communicated that the soap could cause blindness, we conclude that Fyssakis has raised a genuine issue of fact as to whether the soap was defective.

Second, we conclude that Fyssakis has raised a genuine issue of fact regarding an alleged defect in the dispenser. Specifically, Fyssakis presented a safety expert's affidavit stating that the safety switch on the dispenser could be bypassed by tilting the dispenser at a certain angle. Additionally, the expert stated that the dispenser could have been designed with a safer shrouding mechanism. Under Nevada law, evidence that a product lacked adequate safety features or that a safer alternative design was feasible at the time of manufacture will support a strict liabilities claim. Robinson v. G.G.C. Inc., 107 Nev. 135, 808 P.2d 522 (1991); McCourt v. J.C. Penney Co., 103 Nev. 101, 734 P.2d 696 (1987). The affidavit of Fyssakis' safety expert has thus

raised a genuine issue of fact regarding a defect in the dispenser. Hence, we conclude that the district court erred when it granted summary judgment to UNX and Knight on Fyssakis' strict liability claims.

We therefore reverse the judgement of the district court.