THOMAS PRICE, APPELLANT, *v.* BLAINE KERN ARTISTA, INC., RESPONDENT.

No. 25207

April 27, 1995                    893 P.2d 367

*Karp and Co.*, Reno, for Appellant.

*Paul D. Elcano, Jr.*, Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Thomas Price filed an action sounding in strict products liability and negligence as a result of injuries sustained when he was wearing a large manufactured "head" and was pushed or fell to the floor in a Reno club. The district court found that Price's injuries resulted from a supervening cause and entered summary judgment against him. We conclude that material factual issues precluded summary judgment and therefore reverse.

### *FACTS*

Thomas Price filed an action in strict tort liability and negligence against Blaine Kern Artista, Inc. ("BKA"), a Louisiana corporation that manufactures oversized masks in the form of caricatures resembling various celebrities and characters (hereafter "caricature mask"). The caricature mask covers the entire head of the wearer. Price alleged in his complaint that the caricature mask of George Bush which he wore during employment as an entertainer at Harrah's Club in Reno was defective due to the absence of a safety harness to support his head and neck under the heavy weight. He also alleged that his injury occurred when a Harrah's patron pushed him from behind, causing the

weight of the caricature mask to strain and injure his neck as he fell to the ground.

On BKA's motion for summary judgment, the district court determined that the patron's push that precipitated Price's fall constituted an unforeseeable superseding cause absolving BKA of liability. Price then moved for reconsideration and/or amendment of the district court's order granting summary judgment and submitted a supplemental affidavit avowing that he could not say categorically what caused his fall, and that he may have merely stumbled or tripped. The district court refused to consider the supplemental facts and denied the motion.

On appeal, Price assigns error to the summary disposition of his complaint.

## DISCUSSION

Summary judgment is appropriate only when a review of the record in a light most favorable to the nonmoving party reveals no genuine issues of material fact and judgment is warranted as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). In determining whether summary judgment is proper, the nonmoving party is entitled to have the evidence and all inferences reasonably drawn therefrom accepted as true. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989). Accordingly, a district court may not grant summary judgment if a reasonable jury could return a verdict in favor of the nonmoving party. Oehler v. Humana, Inc., 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1989). Our review of a summary judgment is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

The focal point of this appeal is whether the unknown assailant's push that caused Price to fall to the ground is an intervening, superseding cause of Price's injuries, insulating BKA from liability. Legal causation is germane to both negligence and strict tort liability, and is therefore relevant to both theories under which Price seeks relief. *See* Shoshone Coca Cola Bottling v. Dolinski, 82 Nev. 439, 443, 420 P.2d 855, 858 (1966).

Price argues that legal causation is a question of fact to be decided by the trier of fact and that an intervening criminal or tortious act by a third party does not necessarily preclude liability as a matter of law. In so arguing, however, he concedes (rather improvidently, we suggest) that BKA, a Louisiana corporation, could not reasonably be expected to have foreseen an attack on a user of one of its products by a third-party assailant in Reno, Nevada, and relies exclusively on the prospect that a jury might

reasonably infer that a performer wearing a top-heavy, oversized caricature mask may stumble, trip, be pushed, or become imbalanced for numerous reasons.[1] That same jury, according to Price, may find that BKA proximately caused Price's injury due to its failure to equip the caricature mask of our former President with a safety harness.

BKA first counters that legal causation, although normally a jury issue, may nevertheless be resolved summarily in appropriate cases when there is no genuine issue of material fact on the issue of foreseeability. *See* Van Cleave v. Kietz-Mill Mini Mart, 97 Nev. 414, 633 P.2d 1220 (1981) (on issue of causation, inferences will be drawn favoring party opposing motion for summary judgment, but the opponent must nevertheless show that he can present evidence at trial to support his claim). BKA next argues that this is an appropriate case for summary judgment because, by Price's own admission, the third-party attack forming the basis of his complaint was not foreseeable to BKA, and is thus a superseding cause of Price's injuries.

Contrary to BKA's assertions, we conclude for two reasons that genuine issues of material fact remain with respect to the issue of legal causation.

First, with respect to the negligence claim, while it is true that criminal or tortious third-party conduct typically severs the chain of proximate causation between a plaintiff and a defendant, the chain remains unbroken when the third party's intervening intentional act is reasonably foreseeable. El Dorado Hotel, Inc. v. Brown, 100 Nev. 622, 628-29, 691 P.2d 436, 441 (1984). Under the circumstances of this case, the trier of fact could reasonably find that BKA should have foreseen the possibility or probability of some sort of violent reaction, such as pushing, by intoxicated or politically volatile persons, ignited by the sight of an oversized caricature of a prominent political figure. We certainly cannot preclude such an inference as a matter of law and decline to penalize Price for his attorney's lack of acuity in conceding this issue. Indeed, while the precise force that caused Price's fall is

---

[1] If Price intended to concede that BKA could not have foreseen the precise event that occurred on the occasion of his injury, including the time, place, and identity of the allegedly supervening cause, such a concession in the area of negligence and strict products liability would virtually eliminate foreseeability in almost all injury-causing events. We note this rather preposterous view because Price proceeds to argue that a jury might reasonably infer that a person wearing the caricature mask could fall for a variety of reasons including a forceful push from a third party. Of course, the jury could draw no such inference with any legal significance if the inferred fact were completely outside the defendant's ability to foresee.

uncertain, shortly before the fall, an irate and perhaps somewhat confused patron of Harrah's took issue with the bedecked Price over Bush's policy on abortion rights.

Second, with respect to the claim for relief based upon strict products liability, there was no basis for the summary disposition of Price's complaint. Although it is well established that the doctrine of strict products liability does not exempt an injured plaintiff from proving the element of causation, we agree that

> [p]roximate cause in a products liability case serves a somewhat different role than in a case sounding in negligence because that cause of action seeks to impute liability to the manufacturer not on the basis of his negligence but because the product is not reasonably safe as it was designed. The tie which proximate cause is to provide in order to impose legal liability must be between the design defect of the product and the injury—that is, the plaintiff must show that the design defect in the product was a substantial factor in causing his injury.

Voss v. Black & Decker Mfg. Co., 450 N.E.2d 204, 209 (N.Y. 1983). Moreover, we recognize that if a tortfeasor inflicts injuries on a plaintiff that are identical to what the plaintiff would have received notwithstanding some abstract defect in the involved product, the manufacturer may be absolved of liability; however, if the product defect was a substantial factor in producing the injury, thereby constituting a legal cause of the injury, the manufacturer will be held liable. *See* Soule v. General Motors Corp., 882 P.2d 298, 312 (Cal. 1994).

Whether an intervening cause is also a superseding cause in a strict products liability action must be determined in light of the nature and extent of the injury attributable to the product defect, thus focusing on whether the harm is of a kind and degree that is so far beyond the risk foreseeable to the manufacturer that the law would deem it unfair to hold the manufacturer of the product responsible. *See Soule,* 882 P.2d at 312 n.9.

In that regard, an intentional intervening act by a third party which is *both* unforeseeable and the proximate cause of the injury may insulate the manufacturer of a defective product from liability. Volter v. C. Schmidt Co., 598 N.E.2d 35, 38 (Ohio Ct. App. 1991).[2] In the instant appeal, we must therefore consider whether

---

[2] In this holding, the *Volter* court claims to express ''the Supreme Court of Ohio's intent not to strictly apply to actions involving strict liability the rule

the injury suffered by Price was of a kind and degree that the trier of fact may find to be within the ambit of risk that BKA should have addressed in designing its product.

For purposes of summary judgment, we note that Price's injuries were not the immediate result of the assailant's push. Rather, the shifting of the weight of the caricature mask was allegedly the immediate cause of Price's injuries, and the risk of such an occurrence and the resulting strain on Price's head and neck may be found to be within the realm of risks that should have been considered and addressed by BKA in the design of its product. In the final analysis, the initial cause of Price's fall appears to be of little consequence, considering the reasonable prospect that among the quantity of users of BKA's products, some of them will sooner or later fall for any number of a variety of reasons.[3]

Assuming, therefore, as we must on appeal, that the caricature mask of George Bush was defective, we are unable to conclude as a matter of law that the defect was not a substantial factor in producing Price's injuries, despite the role of the third party. Stated in the negative, a jury may reasonably find that a push or shove of the nature and magnitude occurring here, would not have caused the type of injuries sustained by Price if he had been wearing a non-defective caricature mask. In any event, the reso-

---

in negligence actions that intentional torts constitute superseding causes." *Id.; cf.* R.H. Macy & Co. v. Otis Elevator Co., 554 N.E.2d 1313 (Ohio 1990) (source of the *Volter* court's conclusion, holding that if the intentional acts of a vandal merely contributed to injuries caused by a defective product, without removing the effect of the defective product, then the product manufacturer is completely liable for the damages).

[3]One commentator notes that "[a] special problem arises when a plaintiff seeks to hold a manufacturer liable for injuries resulting from a design defect that did not cause or contribute to the initial accident, but rather only caused or contributed to the injuries." M. Stuart Madden, 2 Products Liability § 14.6 (2d ed. 1988). This so-called "second impact" problem most often arises when an intervening cause triggers an automobile accident, following which an injured plaintiff seeks recovery from the automobile manufacturer, alleging an automobile design defect that has compounded the seriousness of the resulting injuries. Those cases that have allowed recovery under such a theory look to the foreseeability of automobile accidents in general as a basis for their conclusions, with no regard for the intent or fault of the actor who caused the first impact. *See, e.g., Soule,* 882 P.2d at 303.

Although of a notably smaller scale, the present facts implicate a similar line of reasoning. While diverse and specifically unforeseen third-party forces may act to cause a user of a BKA caricature mask to become imbalanced and fall, a reasonable jury may find legal causation where BKA has failed to protect a user of one of its products from the consequences of a fall in general, which, as with any given automobile accident, is certainly a foreseeable occurrence.

lution of that question is properly within the province of the trier of fact.

We have carefully considered the remaining issues, in particular those raised by BKA with respect to other prima facie elements of Price's claims, and conclude that they lack merit.

## CONCLUSION

For the reasons discussed above, we conclude that a genuine issue of material fact remains with respect to the issue of the legal and proximate cause of Price's injuries. Accordingly, we reverse the district court's entry of summary judgment and remand for trial.