**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-31297
Summary Calendar

DENNIS HELMINGER,

Plaintiff-Appellant,

VERSUS

U-HAUL COMPANY OF KENTUCKY, INC; ET AL,

Defendants,

REPUBLIC WESTERN INSURANCE COMPANY;
U-HAUL COMPANY OF TENNESSEE, INC; U-HAUL COMPANY OF NEVADA, INC,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans
(97-CV-856-F)

July 11, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Dennis Helminger appeals the summary judgment for defendants

in this personal injury case. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

On January 8, 1997, Helminger rented a truck from a U-Haul dealer in Las Vegas, Nevada to move his personal belongings from Las Vegas to New Orleans, Louisiana. On January 12, 1997, cold temperatures caused sleet to accumulate on the windshield of the U-Haul truck. Helminger attempted to clear the ice by operating the windshield washer and wipers. When that plan failed, he stopped at a convenience store and purchased de-icing fluid which he poured directly onto the windshield. He continued his trip. Approximately thirty minutes later, the windshield again became obscured with ice. Helminger pulled onto the shoulder of I-10 outside of Ozier, Texas to apply more de-icing fluid to the windshield. As he was getting out of the vehicle, he fell. The truck, parked on an icy incline, slid forward and crushed his legs.

Helminger brought a diversity action in Louisiana federal court against U-Haul of Tennessee, Inc., U-Haul of Nevada, Inc. and Republic Western Insurance Company (collectively "U-Haul") alleging that the truck's windshield washer/wiper system was defective and improperly maintained and that the plaintiff was not properly advised how to operate the vehicle. The defendants moved for summary judgment asserting that there was no evidence to support Helminger's claim that the defective windshield washer/wiper system was the legal cause of his injuries.

The district court, applying Louisiana's choice of law rules, determined that Louisiana negligence law applied to this suit. Based on undisputed facts in the record, the district court agreed

2

with U-Haul that the allegedly defective windshield washer/wiper was not the legal cause of Helminger's injuries and granted summary judgment for defendants.

Assuming, without deciding, that Helminger is correct that Nevada rather than Louisiana law applies, we must nevertheless affirm the summary judgment. Under Nevada tort law, Helminger must prove that the defect in the truck was a substantial factor in causing the injury. *See Price v. Blaine Kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995). The Nevada Supreme Court goes on to explain that in answering the "substantial factor" question we must focus on the foreseeability of the kind and degree of the harm the plaintiff claims was caused by the defect. *See id.*

On the undisputed record, it was not foreseeable that the truck's worn wiper blades and inoperable washer mechanism would be a factor in Helminger falling under the truck and being crushed as the truck slid down an ice covered incline. We therefore affirm the district court's summary judgment for defendants.

AFFIRMED.