**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAKISHA NEAL-LOMAX; JOSHUA WILLIAM LOMAX; ALIAYA TIERRAEE LOMAX; JOYCE CHARLESTON; ESTATE OF WILLIAM D. LOMAX JR.; JUANITA CARR, as parent and guardian; INIQUE ALAZYA LOMAX, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; REGGIE RADER officer; BILL YOUNG; TASER INTERNATIONAL, INC., <br><br> Defendants - Appellees. | No. 08-17187 <br><br> D.C. No. 2:05-cv-01464-PMP-RJJ <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and BYBEE, Circuit Judges, and SELNA,[**] District Judge.

The estate of William Lomax brought this action alleging strict products liability causes of action under Nevada law and excessive force claims under 42 U.S.C. § 1983 based on his death in February 2004 following an incident involving the use of a taser. Plaintiffs appeal the district court's decisions excluding the testimony of expert Brett Woodard, granting summary judgment in favor of defendant Taser International, Inc., and granting summary judgment in favor of defendants Reggie Rader and the Las Vegas Metropolitan Police Department. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in excluding Woodard's testimony under Federal Rule of Evidence 702. Woodard failed to examine any relevant studies or other materials, and was unaware that any taser studies had been conducted on humans or animals. The court reasonably concluded that he lacked an objective basis for his opinion regarding the physiological effects of the taser.

Without the excluded expert testimony, plaintiffs' evidence does not create a genuine issue of fact as to whether the taser was a substantial factor in causing

---

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

Lomax's death. *See Price v. Blain Kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995) (adopting the "substantial factor" test for causation in strict products liability cases). Medical examiner Ronald Knoblock did not opine that the taser was a substantial factor in causing Lomax's death, and he testified that he had no medical or scientific evidence that a taser applied to the neck in drive-stun mode could cause the chest muscles to constrict. The timing does not alone create a genuine issue of material fact as to causation in light of Lomax's PCP use and extensive health problems. Accordingly, we affirm the grant of summary judgment in favor of defendant Taser International, Inc.

Plaintiffs have not presented evidence that a reasonable officer in Rader's position would have known that the manner in which he used the taser would contribute to Lomax's death or otherwise cause lasting harm. Because his "use of force was premised on a *reasonable* belief that such force was lawful," *Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir. 2001) (emphasis in original), especially as it was employed for Lomax's benefit and resulted from the paramedics' request, he is entitled to qualified immunity. As to LVMPD, plaintiffs do not raise any issue on appeal related to its alleged failure to train. Accordingly, we affirm the grant of summary judgment in favor of defendants Rader and LVMPD.

3

Because defendant LVMPD has not established that this appeal "was frivolous, vexatious, or brought to harass or embarrass the defendant," *Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir. 1988), its request for attorney's fees is denied.

**AFFIRMED; request for attorney's fees DENIED.**