FILED

**NOT FOR PUBLICATION**

DEC 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ROBERTS, | No. 10-16583 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00236-PMP-LRL |
| v. | |
| ALBERTSON'S LLC; SAMSUNG AMERICA, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted September 14, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[**]

David Roberts suffered a stroke after purchasing a home blood pressure

monitor distributed by Samsung America, Inc. and sold by Albertson's LLC.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Roberts filed a negligence and strict products liability action against Samsung and Albertson's (Defendants), alleging the monitor gave him inaccurately low blood pressure readings, thus prompting him to stop taking his prescribed blood pressure medication. The district court granted Defendants' motion for summary judgment, holding that Roberts had not offered evidence that the monitor was defective or that it caused his stroke. We affirm the district court's decision.

1. "Before ordering summary judgment in a case, a district court must . . . rule on evidentiary objections that are material to its ruling." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). An evidentiary objection is material to the district court's ruling if the court considered the evidence that was the subject of the objection. *See id.* Here, Roberts objected to the admissibility of Defendants' expert report. The court did not rule on the objections to the report. However, Roberts's objections to the report were not material to the district court's ruling, because the court did not consider the report. The court's summary judgment order did not mention the report or the assertions contained in the expert report as a basis for its decision. Thus, the district court did not err by not addressing the admissibility of the report.

2. To establish a strict products liability defect claim or failure to warn claim in Nevada, a plaintiff must show "(1) the product had a defect which

2

rendered it unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 275 (Nev. 2009) (quoting *Fyssakis v. Knight Equip. Corp.*, 826 P.2d 570, 571 (Nev. 1992)) (internal quotation marks omitted).

A. The district court found that Roberts did not offer evidence that the monitor had a defect because he had "presented no expert testimony establishing . . . that the blood pressure monitor was defective." However, Nevada's courts have not expressly stated that a plaintiff must present expert testimony to establish a defect. We "may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning" adopted by this court. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003). On this record, the district court did not err when it determined that Roberts had not offered evidence that the monitor was defective.

Roberts presented only circumstantial evidence that the monitor was defective. Nevada courts have never directly held that circumstantial evidence is sufficient to prove a defect, yet some Nevada cases have relied on circumstantial evidence to establish the existence of a defect. *See Van Duzer v. Shoshone Coca Cola Bottling Co.*, 741 P.2d 811, 812-14 (Nev. 1987) (finding that a bottle was

3

unreasonably dangerous and defective based on supermarket customer's testimony); *Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 686 P.2d 925, 928 (Nev. 1984) (holding that driver's and witnesses' testimony about car steering malfunction could be proof of defect without establishing the mechanical cause of the malfunction).

In this case, even if circumstantial evidence may be used to prove a defect, Roberts nonetheless did not offer sufficient circumstantial evidence to establish that this monitor was defective. Although Roberts noticed a discrepancy between the readings given by his monitor and those readings given by his doctor's equipment (while in his doctor's office on one occasion), that single discrepancy does not establish that the monitor gave inaccurately low readings. The monitor's instructions stated that occasional high or low readings did not necessarily mean that the monitor was malfunctioning. Further, while Roberts argues that the monitor subsequently gave him normal or below normal readings, Roberts presented no evidence demonstrating that fact.

B. The district court also found that Roberts failed to offer evidence of causation, because he did not produce "medical expert testimony opining to a reasonable degree of medical certainty that the allegedly defective product caused the plaintiff's injury." However, to prove proximate cause in a strict products

liability action in Nevada, "the plaintiff must show that the design defect in the product was a substantial factor in causing his injury." *Price v. Blaine Kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995).

Again, we may affirm the district court's judgment on a different ground, if that different ground is supported by the record. *Atel Fin. Corp.*, 321 F.3d at 926. To evidence a "substantial factor" for proximate cause, we must focus on the foreseeability of the nature and extent of the injury the plaintiff claims was caused by the defect. *See Price*, 893 P.2d at 371. As noted above, Roberts did not offer sufficient evidence of a defect. Further, Roberts did not offer evidence that any defect in the monitor was a substantial factor in causing his injury, because he did not present any evidence that it would have been foreseeable that the defect would cause him to stop taking his medication.

In failure to warn claims, causation may be proven by showing "that a different warning would have altered the way the plaintiff used the product." *Rivera*, 209 P.3d at 275. However, Roberts did not offer any evidence that a different warning would have caused him to remain on his medication or otherwise alter the way he used the monitor.

Thus, the district court did not err when it determined that Roberts did not offer evidence of causation for the strict products liability claim.

5

3. To prove proximate cause in a negligence action, "it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Van Cleave v. Kietz-Mill Minit Mart*, 633 P.2d 1220, 1221 (Nev. 1981) (per curiam) (internal quotation marks omitted). "[A] negligence action will not stand when there is an intervening cause that in and of itself is the natural and logical cause of the harm." *Wood v. Safeway, Inc.*, 121 P.3d 1026, 1037 (Nev. 2005) (internal quotation marks omitted).

As Roberts's own doctor testified, the natural and logical cause of this stroke was Roberts's decision to stop taking his medication. Roberts made that decision without consulting his doctor and after taking fish oil pills, being told by his doctor to reduce his medication by half, and adding the substance Co-Q10 to his "homeopathic" regimen. Further, Roberts offered insufficient circumstantial evidence to suggest that there was a monitor defect or that it would be foreseeable to the Defendants that he would stop taking his medication as a result of using the monitor. Thus, the district court correctly granted summary judgment on the negligence claim.

4. Under Nevada law, a plaintiff is not required to negate any alternative causes of an accident to establish a defective product. *See Nev. Contract Servs.,*

6

*Inc. v. Squirrel Cos., Inc.*, 68 P.3d 896, 899–900 (Nev. 2003) (concluding such a requirement did not apply for a breach of warranty action to survive summary judgment); *Stackiewicz*, 686 P.2d at 927 (stating such a burden did not apply, as a matter of law, in the context of a judgment notwithstanding the verdict for a products liability case). The district court improperly held that Roberts bore the burden of establishing that the other factors raised by Defendants, such as alcohol use, smoking, and improper use of the monitor's large cuff, "did not cause or contribute to his stroke." Roberts objected to the admissibility of evidence relating to whether a variety of other factors caused the stroke.

Under harmless error analysis, a district court should be reversed for improperly considering other factors, if such consideration was "prejudicial" to the plaintiff. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 534 (9th Cir. 2011). Consideration of other factors by the court would be prejudicial, if excluding them "would have precluded a grant of summary judgment, or warranted a grant of summary judgment to the other party." *Id.* While the court improperly considered evidence of alternative causes, its error was harmless here. *See Norse*, 629 F.3d at 973. As noted above, Roberts did not offer sufficient evidence for his negligence or strict product liability claims. Thus, we hold that any error in considering evidence of other factors was harmless.

7

**AFFIRMED.**

10-16583  Roberts v. Albertson's LLC

OLIVER, Chief U.S. District Judge, dissenting.

One of the grounds on which the district court granted Defendant's motion for summary judgment was that Plaintiff was required to, and did not, present "expert testimony establishing . . . that the blood pressure monitor was defective."  I agree with the majority that "Nevada's courts have not expressly stated that a plaintiff must present expert testimony to establish a defect."   However, I disagree with the majority's conclusion that, assuming no such requirement, Plaintiff did not otherwise present evidence that the monitor was defective.  Under Nevada law, a plaintiff may rely on evidence other than expert testimony to show that a defective product failed to perform in the manner reasonably expected.  *See, e.g., Van Duzer v. Shoshone Coca Cola Bottling Co.*, 741 P.2d 811, 812-13 (Nev. 1987) (finding bottle was unreasonably dangerous based on lay witness testimony).  Here, Plaintiff presented evidence that he suffered a stroke as a result of high blood pressure at a time when his monitor was consistently showing that his pressure was normal or below normal.   I also agree with the majority that the district court erred when it held that Plaintiff had failed to offer evidence of causation because he did not "produce medical expert testimony opining to a  reasonable degree of medical certainty that the allegedly defective product caused the Plaintiff's injury."   Instead, the district court should have determined whether there was evidence that the design defect in the product was a

substantial factor in causing his injuries. I disagree with the majority's conclusion that, nevertheless, Plaintiff did not present evidence that the design defect was a substantial factor in causing his injury. Plaintiff presented evidence that he reported his blood pressure readings to his doctor or a member of the doctor's staff, and Plaintiff was told to reduce his intake of blood pressure medication by one-half. He also presented evidence that, because the monitor gave him consistently normal readings during the period between visits to his doctor, it caused him to believe that his blood pressure was under control such that no medication was required. Although the majority correctly indicates, "we must focus on the foreseeability of the nature and extent of the injury the [P]laintiff claims was caused by the defect," I conclude that such a focus leads to a result that is contrary to that reached by the majority. While it might not be wise, I think it is foreseeable that one might conclude that if a blood pressure monitor consistently indicates that one's blood pressure is normal, one might also conclude that one is not currently suffering from that condition.

Thus, I would reverse the granting of summary judgment and remand the case back to the district court for trial.