**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERRI ANNE BUNKER, | No. 13-16896 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01286-PMP-NJK |
| v. | |
| FORD MOTOR COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted January 5, 2016
San Francisco, California

Before: WALLACE, KOZINSKI, and O'SCANNLAIN, Circuit Judges.

Appellant Bunker appeals from the district court's summary judgment in

favor of Appellee Ford Motor Company on Bunker's Nevada common-law claims

for strict products liability, negligence, negligent failure to inspect and warn,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

breach of implied warranty, and misrepresentation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Bunker argues that the district court abused its discretion in excluding testimony by her expert witness, Thomas Lepper. We review the district court's ruling under the abuse of discretion standard. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 596 (9th Cir. 1996). Lepper produced a report in which he opined that Bunker's 2007 Ford Ranger truck was flawed in design because—with the key ignition in the "Off"position—the truck's brake shift interlock system allowed the transmission to be shifted out of park without someone applying pressure to the brake pedal.

The district court did not abuse its discretion in excluding Lepper's testimony. Under Rule 702 of the Federal Rules of Evidence, a witness may testify as an expert only if the witness "is qualified as an expert by knowledge, skill, experience, training, or education." Because Lepper had no experience with brake shift interlock systems, he was not "qualified" to testify about the truck's system. At his deposition, he testified that he did not know the history of such systems, that only a few of his prior expert testimony engagements about automobiles related to transmission issues, and that none of his previous engagements related to brake shift interlock systems specifically. Lepper also conceded that he did not conduct a

2

survey to see whether other automobile manufacturers used brake shift interlock systems like the one in the 2007 Ford Ranger truck. Because Lepper had virtually no familiarity with brake shift interlock systems, the district court did not abuse its discretion in excluding his testimony.

We review the district court's summary judgment de novo. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). We must view the evidence in the light most favorable to the nonmoving party and then determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002). Each of Bunker's causes of action has unique elements that she must satisfy to recover. But one common element among them is causation. *See Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (holding that causation is an element of negligence claims); *Foster v. Dingwall*, 227 P.3d 1042, 1052 (Nev. 2010) (same for misrepresentation claims); *Nev. Contract Servs., Inc. v. Squirrel Cos.*, 68 P.3d 896, 899 (Nev. 2003) (same for breach of warranty claims); *Fyssakis v. Knight Equip. Corp.*, 826 P.2d 570, 571 (Nev. 1992) (per curiam) (same for strict liability claims). The only evidence Bunker proffered on causation was Lepper's testimony. Since that testimony is not admissible, as explained above, Bunker failed to show that there was any genuine

3

dispute of material fact as to causation. Accordingly, we affirm the district court's summary judgment in favor of Ford.

**AFFIRMED.**