ROBERT V. JONES, Individually, ROBERT V. JONES CORPORATION, SEAVIEW INC., a Nevada Corporation, LIGHTHOUSE COVE INC., a Nevada Corporation, and MORNINGSTAR, INC., a Nevada Corporation, Appellants, *v.* FIRST MORTGAGE COMPANY OF NEVADA, LTD., Respondent.

No. 26738

April 30, 1996 915 P.2d 883

*Thorndal, Backus, Armstrong & Balkenbush* and *Patrick Rose* and *Michael L. Hermes,* Las Vegas, for Appellants.

*John Peter Lee* and *Paul C. Ray,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants (collectively referred to as "Jones") challenge the entry of summary judgment on the ground that issues of material fact remain, making summary judgment improper. We agree and, therefore, reverse the order of the district court and remand the case for further proceedings.

### FACTS

In May of 1991, Jones was in need of a lender for permanent financing relating to several real estate development projects.[1]

---

[1] Because this case is before this court upon appeal of an award of

Jones contacted respondent First Mortgage Company of Nevada, Ltd. ("First Mortgage") to inquire about loans for the projects. First Mortgage told Jones that it could locate a lender for Jones.

In March of 1992, First Mortgage notified Jones that First Mortgage had located a lender, Manns Haggerskjold. Manns Haggerskjold was previously unknown to Jones. First Mortgage provided Jones a commitment agreement from Manns Haggerskjold for a $2,017,000.00 loan on Jones' Morning Star Apartments project, which Jones accepted. The loan commitment agreement: (1) identified Manns Haggerskjold as the "lender" and explained that the loan would be funded by assigning it to a "mortgage pool"; (2) stated that the commitment was contingent upon the mortgage pool being adequately funded and "securitized"; (3) identified First Mortgage as the broker and stated that Jones agreed to pay all fees due to First Mortgage; and (4) provided that it would remain in full force and effect until March 11, 1993, at which time it would expire if the loan had not been funded.

Jones informed First Mortgage that it was also seeking permanent financing for Jones' Seaview and Lighthouse Cove apartment projects. First Mortgage informed Manns Haggerskjold of Jones' desire to have these projects included in the mortgage pool, and, in June of 1992, Manns Haggerskjold committed to loans on the Seaview and Lighthouse Cove projects in the amounts of $596,000.00 and $2,700,000.00, respectively. The Seaview and Lighthouse Cove commitment agreements are substantially similar to the Morning Star agreement in their terms. On July 2, 1992, Jones executed the Seaview and Lighthouse Cove commitment agreements and returned them directly to Manns Haggerskjold.

At first, Jones submitted all documents necessary to process the loans to First Mortgage to be forwarded to Manns Haggerskjold. At some point Jones found out from Manns Haggerskjold that items sent to First Mortgage to be forwarded to Manns Haggerskjold had never been forwarded. Also, Jones' phone calls to First Mortgage requesting status reports on the loans were not being returned. Finally, Jones began communicating with Manns Haggerskjold directly on loan-related matters. According to Mr. Jones, after the summer of 1992, he had absolutely no contact with First Mortgage regarding the loans. All work done to complete the loans was by Jones and Manns Haggerskjold without any assistance from First Mortgage.

In March of 1993, Jones obtained financing in excess of $5,000,000.00 for Morning Star, Seaview, and Lighthouse Cove

summary judgment, the facts are related in the light most favorable to appellant. *See* Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

through Manns Haggerskjold. The loans were funded by DLJ, an entity previously unknown to Jones. Jones refused First Mortgage's demand for payment of a commission on the three loans, and this litigation ensued. At trial, First Mortgage moved for summary judgment, which the district court granted. The district court ordered judgment against Jones in the amount of $53,956.70, the combined total of the disputed brokerage fees held in escrow, and ordered the escrow company, named as a nominal defendant, to turn over to First Mortgage the impounded brokerage fees.

## DISCUSSION

Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). All of the non-movant's statements must be accepted as true, and a district court may not pass on the credibility of affidavits. Sawyer v. Sugarless Shops, 106 Nev. 265, 267, 792 P.2d 14, 15 (1990). This court's review of an order granting summary judgment is *de novo*. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

The parties contend that, in the absence of relevant Nevada authority involving commercial loan brokerage disputes, this court should look to the related law of real estate brokerage commissions. We agree. Before a loan broker is entitled to a commission, the broker must prove (1) that an employment contract, either express or implied, existed and (2) that he or she is the procuring cause of the loan. *See* Marrow v. Barger, 103 Nev. 247, 250, 737 P.2d 1153, 1154-55 (1987) (discussing real estate brokers' commissions). Moreover, "[s]atisfying this court's two-part test is not an absolute prerequisite to a broker's recovery of a commission where the parties have bargained to define more precisely the broker's duties under the listing agreement." Carrigan v. Ryan, 109 Nev. 797, 799, 858 P.2d 29, 31 (1993).

Jones contends, inter alia, that a question of fact exists as to whether First Mortgage may have breached an obligation to Jones to assist Jones in completing the loan acquisition process. We agree. Nevertheless, First Mortgage argues that the issue of

abandonment during the loan processing period is immaterial because First Mortgage is not seeking a fee as a loan servicing agent. First Mortgage's contention is without merit. If the alleged abandonment constitutes a breach of an agreement between the parties, this fact would be material to First Mortgage's entitlement to a commission from Jones. Whether First Mortgage had an obligation to Jones to assist Jones in completing the loan application and closing process and whether such an obligation may have been breached by First Mortgage are questions of material fact. Accordingly, we conclude that the district court erred in entering summary judgment.

## CONCLUSION

We conclude that questions of material fact remain making summary judgment inappropriate. Accordingly, we reverse the order of the district court and remand this case to the district court for trial.[2]

---

[2]In light of this court's disposition, we need not address Jones' remaining contentions.